No. 7282.

## THE STATE EX REL. WIDOW MERZ ET AL. VS. JUDGE OF THIRD DISTRICT COURT.

The question of prematurity of a demand must be determined by the state of facts existing at the time the suit is brought. If the debt, for the recovery of which the suit is brought, was not due, the plaintiff's demand was properly injoined. And it does not mend the matter that the debt becomes due before the issue is decided. The penalty for bringing an action prematurely is the dismissal of it. The exception of prematurity is not defeated by the maturing of the demand subsequent to making it and during the progress of the suit.

FOR a Prohibition.

*Dennee* and *Belden* for Relators. *Schmidt* for Respondent.

SPENCER, J. Relators obtained an injunction to stay execution of a writ of seizure and sale, obtained against them in the suit of "Saloy *v.* Widow Merz et al." The sole ground upon which that injunction was asked was prematurity of the demand, that the said Saloy, upon the condition of their paying the interest, had agreed to extend the time of payment of the mortgage notes one year, *i.e.*, from the 23d of November, 1877, to 23d of November, 1878. They alleged that they had complied with the condition and were entitled to the extension. This order of seizure was granted to Saloy on May 20th, 1878, and injoined on the same day by relators.

It was tried and the injunction dissolved, from which decree relators took a suspensive appeal, on giving bond for costs. After this appeal had been perfected, to wit: on November 30th, 1878, Saloy's counsel, suggesting to the court that the time of extension claimed by relators for payment of said note, and for which said injunction was granted, had expired, and the injunction thereby became inoperative, moved the court for an order directing the sheriff to proceed with the execution. This order was granted, except for the sum of $874, the amount which relators claimed to have paid as interest on the mortgage note. The matter before us is an application for prohibition against this order, on the ground, that by the appeal, the Third District Court was divested of all jurisdiction, and could grant no orders in the case. The reply of the judge may be

State ex rel. Merz *vs.* Smith.

summarized thus: What was the thing demanded in the injunction suit? It was that Saloy be restrained and injoined from executing his mortgage until November 23d, 1878. The court ordered that he be so injoined. That is the order that was kept in force by the appeal. On the 23d of November, 1878, the injunction expired by limitation. Thereafter there was no injunction existing, and therefore none to be suspended by the appeal. The court in ordering the sheriff to proceed, did not violate the injunction, or invade the jurisdiction of this court, for there was then no such order, and therefore no jurisdiction thereof in this court.

We confess that there is much force and plausibility in these propositions of our brother of the District Court. But there is a view of this case, not presented in argument, which forces us to differ from the conclusions of the judge *a quo.*

The real defence made by relators was the prematurity of plaintiff's demand — that plaintiff had obtained an order of seizure and sale on a debt not due. That was the allegation upon which the injunction was asked. Now, the question thus raised, to wit: whether plaintiff made his demand before his debt was due, must be determined and decided upon the state of facts existing at the time suit was brought. If the debt was not due, plaintiff's proceeding was wrongful, and was properly injoined. This wrong is not righted — this defence is not defeated by the fact that before this issue is decided the debt becomes due. The penalty for bringing an action prematurely is its dismissal, unless defendant waives the exception. The exception of prematurity is not defeated by the subsequent maturity of the cause of action. If this were so, it would often enable a plaintiff to avoid the effects of his own wrong by the commission of another — by postponing a decision until his debt had matured. So we hold that the question of prematurity must be tested by the facts existing at the date the suit is brought, and that the penalty is dismissal of the suit if found premature. Under this view, it is manifest that the expiration pending the suit at the time of the alleged extension, does not relieve the plaintiff from the consequences of his wrongful act. The relators have the right to have this court review the judgment of the District Court on the question of prematurity, and if the exception is found to be well taken, they

State ex rel. Simonds *vs.* Judge.

have the right to demand the maintenance of their injunction, and the setting aside of plaintiff's order of seizure.

The district judge, we think, invaded the jurisdiction of this court in rendering said order.

*Writ made peremptory.*